E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
Assistant United States Attorney
Senior Litigation Counsel
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-2468
     Facsimile:  (213) 894-2927
     E-mail:     daniel.obrien@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. CR 21-494-MCS |
|---|---|
| Plaintiff, | GOVERNMENT'S REDACTED SENTENCING POSITION; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| MATTHEW CHARLES ELSTEIN, | Date: October 3, 2022<br>Time: 3:00 p.m.<br>Courtroom: 7C |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby submits its redacted Sentencing Position in the above-reference matter.  This sentencing position is supported by the Declaration of Assistant United States Attorney Daniel J. O'Brien with attached exhibits to be lodged under seal in a separate

1

pleading, and such argument as the Court may permit at the hearing on this matter.

Dated: September 19, 2022           Respectfully submitted,

                                                 E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


                                                             /s/
DANIEL J. O'BRIEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   INTRODUCTION

This case involves a breach of trust of the most egregious sort.  The fiduciary duty owed by an attorney to his client is one of the oldest in the common law and one of the most revered.  This duty, which includes duties of loyalty and care, is exceptionally important because clients depend upon the professional knowledge and expertise of their attorneys and, as agents, attorneys have the power, through action or inaction, to legally bind their clients with respect to matters with immensely serious consequences. An attorney also serves as officer of the court and swears an oath to faithfully discharge his duties and conduct himself with integrity.  Our entire legal system depends upon the assumption that an attorney is working in his client's best interests.  When the defendant destroyed his fiduciary relationships through greed and malice, the impact was not just placed upon his individual victims, but the cause of justice was damaged as well.

There are aggravating factors in this case.  Defendant caused irreparable financial, reputational, and emotional damage to his victims that exceeds the mere monetary damage caused by a typical fraud.  Defendant's motive appears fueled not only by greed but also malice.

There is also evidence suggesting that defendant continued to engage in fraudulent conduct even after the filing of the information and plea agreement in this case.  This evidence is limited, however, and defendant's willingness to stipulate to certain facts concerning this incident should mitigate to some extent this otherwise aggravating factor.

There is a substantial mitigating factor in defendant's stated intent to pay monetary restitution to his victims in advance of sentencing which the court should take into consideration.  However, the bulk of the funding will apparently come from defendant's father which presents its own concerns.  Defendant's inability to pay his own restitution is disconcerting given his many years of working for prestigious law firms, the illicit gain he reaped through his fraud, and his continued comfortable lifestyle living in an affluent community.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX defendant cannot conform his behavior to societal norms, is a likely recidivist, and presents a danger to the community.  The sentence imposed needs to consider the goal of protecting the public.

Taking these aggravating factors into account and tempering them with defendant's acceptance of responsibility, his early payment of restitution, and his willingness to stipulate to certain aspects of his conduct after the plea agreement, the government recommends that the court impose a sentence at the middle of the

sentencing guidelines, 37 months' imprisonment, and order that defendant pay restitution in the amount of $254,354.

## II. UNDER THE 3553(A) SENTENCING FACTORS, A SENTENCE AT THE MIDDLE OF THE SENTENCING GUIDELINES IS APPROPRIATE

### A. NATURE AND CIRCUMSTANCES OF THE OFFENSE

The factual basis sets forth defendant's offense conduct in detail. The victim witness statements filed by the government under seal provide additional particulars as to defendant's conduct as well as the devastating consequences suffered by the victims. While employed by various large and reputable law firms, defendant had clients pay for work that was never performed and expenses that were never incurred; converted client funds by directing their payments into his personal bank account; provided clients with an assortment of lies and misrepresentations gulling them into believing that he had filed complaints, motions, and other pleadings on their behalf when no such filings had been made; fabricated federal lawsuits using fake case names and numbers and forged Pacer documentation; had clients travel to, and pay for, depositions never had been arranged; forged court orders signed by a United States District Court judge, email communications with a fictitious United States District Court clerk, a settlement agreement purportedly signed by a United States Attorney's Office, and client signatures. Defendant also informed clients that he had secured judgments on their behalf in the millions of dollars, when, in fact, his failure to respond to actual lawsuits resulted in default judgements and sanctions against those same clients.

What stands out from this offense conduct is the zealousness of defendant's fraud -- having gone to such lengths as to staging fake depositions and forging court orders. Victim impact statements

5

indicate that this zealousness was motivated not only by greed but also malice. According to one of the impact statements, in addition to causing financial loss, defendant purposedly destroyed family relationships and business relationships the victim had developed over the years. (Victim impact statement #1, p. 4.) The victim also cites an example of the defendant engaging in elder abuse by intentional delaying the delivery of an insurance settlement check to the victim's father-in-law.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXX supports the belief conveyed by the victim that this was not merely a financial fraud but an offense designed to cause, or at least recklessly ignore, emotional damage.

Defendant's fraud was sustained and may have continued even after he purportedly accepted responsibility for his criminal acts. The factual basis to the plea sets forth conduct that transpired over the course of four years from September 2014 through July 2018. However, even after he lost his license to practice law in March 2019 and entered into a plea agreement with the government in October 2021, defendant accepted $3,500 from another client to help him secure an inheritance.

According to stipulation, in January 2021, the client's mother passed away and he learned that he had inherited her estate. The client paid defendant $3,500 to put together a portfolio of the

mother's holdings and assist in the transfer of the estate's assets. The client provided defendant with personal identifying information. According to a Redondo Beach Police Department officer who listened to a November 2021 recording of defendant's interaction with the client, defendant appeared to be delaying action and was "scamming" this individual.  When confronted with a press release announcing defendant's plea agreement in the instant matter, the defendant disputed the completeness of the press release, removed himself from the engagement, and returned the client's money.

     B.   DEFENDANT'S HISTORY AND CHARACTERISTICS

Defendant's environmental background does not reflect significant mitigating circumstances.  Defendant was raised by a loving mother and in a secure financial situation sufficient to allow him to attend both a prestigious university and prestigious law school.  While he claims the divorce of his parents and neglect from his father may have impacted his life, that cannot be completely reconciled with the accounts of his mother, his sister's success in adulthood, or his father's current financial support, including his willingness to pay restitution on his son's behalf.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

1  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
2 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
3 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
4 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
5 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
6 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
7 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
8 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
9 XXXXXXXXXXXXXXXXXXXXXXXXXXXX
10  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
11 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
12 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
13 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

C.   DETERRENCE

Specific deterrence is an important consideration in determining an appropriate sentence in this case. XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXX defendant cannot conform his behavior to societal norms, is a likely recidivist, and presents a danger to the community.

Defendant's interactions with his client in November 2021 lends support to this concern.  Within weeks after the filing of the information and plea agreement, defendant engaged with another client, who, dealing with the stressful situation of resolving his mother's estate, trusted the defendant and provided him with personal identifying information.  Even if defendant disputes his

subjective intent with respect to this client, an appropriate sentence needs to serve the goal of protecting the public.

General deterrence is another important goal where, as here, a bad actor occupied a position of trust. Manipulating that position of trust, the defendant engaged in an elaborate plot of deception that was difficult to detect. Defendant took extraordinary steps to perpetrate and conceal his fraud, forging court orders, court correspondence, Pacer records, and government documents. For four years, defendant's crime went undetected.

In such cases where the crime involves a breach of trust and is less likely to be discovered, it is important to impose a significantly lengthy sentence to deter similarly situated individuals who occupy a position of trust and might be tempted to commit such crimes.

D. JUST PUNISHMENT

Defendant breached a fundamental fiduciary duty owed to vulnerable clients. His crime had devastating consequences to his victims. While he has accepted responsibility, expressed remorse, and has arranged for the payment of restitution prior to sentencing, he continues to represent a danger to the public.

Defendant has already received the benefit of a non-prosecution agreement for violations of 18 U.S.C. § 1028A arising out of the conduct set forth in the factual basis for his plea that would have resulted in an additional two-year term of imprisonment. A sentence at the middle of the sentencing guidelines, 37 months' imprisonment, is appropriate in this case.

## III. CONCLUSION

The government recommends that the court impose a sentence of 37 months' imprisonment and order that defendant pay restitution in the amount of $254,354.